BIGELOW *vs.* FINCH.

Where there is a possession at will, or by sufferance, or where possession has been taken under and by virtue of a contract of purchase, it is not such an interest as may be sold upon execution, and either of those facts may be set up as a defense by the defendant in the judgment, when sued in ejectment by the purchaser at the sheriff's sale.

The same defense may also be made by a grantee of the defendant in the judgment, when ejectment is brought against *him*.

Where, in an action of ejectment, the plaintiff claims to have obtained the interest of the owner, by his purchase of the premises at a sheriff's sale, that fact may be controverted, either by the judgment debtor or any other person, who is at liberty to show that the interest of the judgment debtor was not the subject of a sale upon execution, and thus to invalidate the title on which the plaintiff rests his claim.

The fact that a defendant in an ejectment suit has taken a quit-claim deed from another, and entered into possession under it, will not estop him from questioning the title of his grantor.

An estoppel exists only when there is an obligation, express or implied, that the occupant will at some time, or in some event, surrender the possession; as between landlord and tenant or as between vendor and vendee before conveyance. There is no estoppel as between grantor and grantee.

THIS was an action of ejectment, tried at the Rensselaer circuit in October, 1849, before Justice Wright. The plaintiff claimed to recover by virtue of a title obtained at sheriff's sale under an execution issued on a judgment recovered on the 29th of December, 1841, in the supreme court, in favor of Sylvester Van Valkenburgh, against Morgan Harris and Orry G. Harris. It was proved that the premises in question were bid off by the plaintiff, at such sale, and that at the time of such sale the defendant was in possession of about forty-six acres thereof. The plaintiff then gave in evidence a quit-claim deed from said Orry G. Harris to the defendant, Isaac Finch, dated June 7, 1842, of the premises claimed in the declaration, and proved that Finch went into possession of the premises about the time, or soon after, the execution of the quit-claim deed, and had been in possession ever since. After the plaintiff rested, the defendant offered to show that Orry G. Harris never had or claimed any right or interest in or to the said premises, other than as tenant at will of William P. Van Rensselaer, under a contract for the pur-

Bigelow *v.* Finch.

chase of said premises from Van Rensselaer ; that such contract was never performed by Harris, nor was any conveyance executed to him or claimed by him to have been executed to him ; that Harris never had any legal interest in said premises, but the same were owned by Van Rensselaer in fee ; and that on the 3d of May, 1844, Van Rensselaer conveyed the same, for a valuable consideration, to the said defendant Finch, in fee, under which conveyance the defendant had ever since held and claimed the premises. That the defendant purchased and took his conveyance from Van Rensselaer without any knowledge of said judgment. This evidence was objected to by the plaintiff's counsel, and excluded by the judge, on the ground that Finch, by accepting the quit-claim deed from Harris and going into and remaining in possession under said deed, was estopped and concluded from denying or disputing the title of Harris to the premises, and from showing that Harris had no interest therein, liable to be sold on execution ; to which decision the defendant excepted. The other facts are sufficiently stated in the opinion of the court.

The judge directed a verdict for the plaintiff; to which the defendant's counsel also excepted.

*R. W. Peckham*, for the plaintiff.

*D. L. Seymour*, for the defendant.

*By the Court*, PARKER, J. It was enough, *prima facie*, for the plaintiff to prove a judgment, execution, and purchase by him at the sheriff's sale of the premises in question, the defendant's possession, and that the judgment debtor was in possession at the time of docketing the judgment. Possession, unexplained, is an interest in land that may be sold under a judgment and execution. And, as a general rule, it is no answer for the defendant to say that he has no title. But the statute has made certain exceptions. Estates at will or by sufferance, are not liable to sale on execution. (1 *R. S.* 722, § 5.) Nor is the interest of a person holding a contract for the purchase of land.

(1 *R. S.* 744, § 4.) Where the possession is at will, therefore, or by sufferance, or where it has been taken by virtue of and under a contract of purchase, it is not such an interest as may be sold; and the defendant is at liberty to show either of these facts to defeat the plaintiff's recovery. Such defense may be set up by the defendant in the judgment, when sued in ejectment by the purchaser at the sheriff's sale. (*Griffin* v. *Spencer*, 6 *Hill*, 525. *Colvin* v. *Baker*, 2 *Barb. S. C. Rep.* 206. *Tooley* v. *Dibble*, 2 *Hill*, 641, 643.) If, therefore, Orry G. Harris would not have been precluded from insisting on these matters of defense, it can hardly be contended that the defendant Finch occupies a worse condition than his grantor. Harris quitclaimed all his interest in the premises, to Finch. By that conveyance, Finch became the owner of whatever interest Harris had in the premises; but the interest or rights of Harris could not, certainly, be enlarged by any sale or conveyance he might make, and the defendant Finch was at liberty to set up any defense that Harris might have interposed, if he had remained in possession and been made the defendant.

The plaintiff can only recover on the strength of his own title. He claims to have obtained the interest of Harris, by his purchase at the sheriff's sale. This may be controverted either by Harris or any other person, who is at liberty to show that the interest of Harris was not the subject of a sale by execution, and thus to invalidate the title on which the plaintiff rests his claim. (*Kellogg* v. *Kellogg*, 6 *Barb.* 116.)

The fact that the defendant had taken a quit-claim deed from Harris, and entered into possession under it, had no bearing upon the admissibility of the evidence offered. Even as between Harris and Finch, the latter would not have been estopped from questioning the title of Harris. (*Osterhout* v. *Shoemaker*, 3 *Hill* 513, 518. *Sparrow* v. *Kingman*, 1 *Comst.* 242. *Averill* v. *Wilson*, 4 *Barb. S. C. Rep.* 180. *Hill* v. *Hill*, *Id.* 419. *Kenada* v. *Gardner*, 3 *Id.* 589.) The cases cited show that there is no estoppel as between grantor and grantee. It exists only when there is an obligation, express or implied, that the occupant will at some time, or in some event, surrender the possession; as

between landlord and tenant, or as between vendor and vendee before conveyance. The defendant was at liberty, if necessary to his defense, to show that Harris had no title, and that he received none by virtue of his quit-claim deed. An estoppel has never been raised on a deed poll, or on a conveyance between grantor and grantee. And the decisions by which it was made applicable, in a claim for dower against a grantee of the husband, have been overruled in the court of appeals, in *Sparrow* v. *Kingman.*

The defendant ought, therefore, to have been permitted to prove that Harris had no such interest as could be sold on execution, and the judge erred in excluding the evidence.

It is unnecessary to examine the other questions raised by the defendant. They are all of a character to be obviated on another trial.

There must be a new trial; costs to abide the event.

[ALBANY GENERAL TERM, September 1, 1851. *Harris, Parker* and *Wright,* Justices.]